UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60304-CIV-COHN/SELTZER

BIOHEART, INC.,

    Plaintiff,

v.

ANDRE PESCHONG, URBAN SMEDEBY,
JACK THOMSEN, STEPHEN KANN, and
HECTOR MARTINEZ REDING CEVALLOS,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS PESCHONG, SMEDEBY, AND THOMSEN'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Andre Peschong, Urban Smedeby, and Jack Thomsen's Motion to Dismiss Complaint for Lack of Personal Jurisdiction and, in the Alternative, for Failure to State a Claim Upon Which Relief Can Be Granted [DE 13].  The Court has considered the motion, Plaintiff's response [DE 18], Defendants' reply [DE 19], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Bioheart, Inc. ("Bioheart"), is a publicly-traded "development-stage, biotechnology company focusing on the development and commercialization of cell therapies for the treatment of cardiovascular disease." DE 14-1 ¶¶ 9-10.  Bioheart seeks its economic resources from outside investors.  Id. ¶ 11.  Bioheart alleges that, from August 6, 2012 through October 22, 2012, Defendant Andre Peschong posted a series of five defamatory statements about Bioheart on the message board of a website

called Yahoo! Finance, using the screen name "diligizer."  Id. ¶¶ 13, 15.  The statements concerned Bioheart's dealing with a company named Vitalmex, where Defendants each allegedly "have relationships and influence."  Id. ¶¶ 15, 49.  Bioheart further alleges that Defendants Smedeby, Thomsen, Kann, and Cevallos "knew or should have known" about Peschong's posts.  Id. ¶ 46.  Bioheart claims that some of its prospective investors saw Peschong's posts, and that the posts had a negative affect on Bioheart's share price, future investment, and the perception of its management team.  Id. ¶¶ 14, 17.

On October 30, 2012, Bioheart brought suit in the Seventeenth Judicial Circuit Court in and for Broward County, Florida.  See DE 1-1.  On January 3, 2013, Bioheart filed its Verified Amended Complaint ("VAC") against Defendants Andre Peschong, Urban Smedeby, Jack Thomsen, Stephen Kann, and Hector Martinez Reding Cevallos.  All Defendants are California citizens, with the exception of Kann, who is believed to be a citizen of Virginia.  See DE 1 at 3-4.  Bioheart is a Florida corporation with its principal place of business in Broward County, Florida.  Id. ¶ 2.  In the VAC, Bioheart brings the following claims: (1) defamation per se of business reputation, against Peschong, (2) trade libel, against Peschong, (3) common law unfair competition, against Peschong (4) conspiracy, against all Defendants, and (5) "injunctive relief," against all Defendants.  Peschong was served on January 15, 2013, while Smedeby and Thomsen were served on January 16 and 17, respectively.  DE 1 at 2.  There is no indication in the record that Kann or Cevallos have been served.  On February 7, 2013, Peschong, Smedeby, and Thomsen ("the moving Defendants") removed the action to this Court on the basis of diversity jurisdiction.  See id.  In the instant motion, the moving Defendants seek to

dismiss the claims against them for lack of personal jurisdiction, or, in the alternative, for failure to state a claim.  Bioheart opposes the motion.

## II. PERSONAL JURISDICTION ANALYSIS

All of the moving Defendants in this action are residents of California.  A federal court may exercise jurisdiction over a nonresident defendant if: (1) personal jurisdiction is established under the state long-arm statute, and (2) minimum contacts exist so that the exercise of personal jurisdiction over the nonresident satisfies traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.  Cable/Home Commc'n Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990).  This Court must apply the Florida long-arm statute as it anticipates the Florida Supreme Court would.  Id. at 856.  Further, the Court must strictly construe the long-arm statute.  Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626-627 (11th Cir. 1996).

"A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a *prima facie* case of jurisdiction."  Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999).  However, if the defendant challenging jurisdiction files "affidavits in support of his position," then the burden shifts to the plaintiff to prove "by affidavit the basis upon which jurisdiction may be obtained."  Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).  "The district court must accept the facts alleged in a complaint as true, to the extent that they are uncontroverted by a defendant's affidavits," and "where a plaintiff's complaint and a defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff."  Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

### A. Florida Long-Arm Statute

Here, Bioheart alleges that personal jurisdiction exists over Defendants pursuant to a section of Florida's long-arm statute, which provides that:

> Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
> . . . .
>
> (b)   Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(b); see also DE 14-1 ¶¶ 3-7.[1]  For purposes of § 48.193(1)(b), the defendant must have committed a tort causing injury in Florida, but need not be physically present in the state.  Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1168 (11th Cir. 2005).  Thus, a defendant can commit the tortious

---

[1] In response to the present motion, Bioheart also asserts that jurisdiction exists over Defendants because of Defendants' business relationship with Bioheart in Florida. See DE 18 at 4.  Bioheart submits an affidavit from its President and CEO, Mike Tomas, in which he states that Peschong contacted Tomas on July 6, 2011, to solicit his business.  DE 18-1 ¶¶ 7-9.  Tomas further states that Peschong contacted another member of Bioheart, and that Kann and Cevellos attended business meetings at Bioheart's office in Sunrise, Florida.  Id. ¶¶ 10, 12, 13.  The affidavit does not claim any connection between such meetings and the alleged defamation.  To the extent that Bioheart is alleging jurisdiction under § 48.193(1)(a) based on the parties' engaging in business in Florida, such allegations are deficient.  Under § 48.193(1)(a), "'the activities of the [defendant] sought to be served . . . must be considered collectively and show a general course of business activity in the State for pecuniary benefit.'" Sculptchair, 94 F.3d at 627 (quoting Dinsmore v. Martin Blumenthal Associates, Inc., 314 So. 2d 561, 564 (Fla. 1975)).  Merely contacting Bioheart's CEO once while he was in Florida, more than one year before committing any tortious acts, does not rise to a general course of business activity in the state.  Thus, § 48.193(1)(a) does not provide a basis for jurisdiction over the moving Defendants.

act based on telephonic, electronic, or written communications into Florida so long as the cause of action arises from those communications. Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002). As described above, Bioheart's chief allegation against Peschong is that he posted defamatory comments on an online message board, knowing that Bioheart is located in Florida. See DE 14-1 ¶ 15; DE 18-1 ¶ 7. Under § 48.193(1)(b), posting defamatory material about a Florida resident on a website may constitute the commission of a tortious act in Florida if the website is accessible in Florida, and is actually accessed in Florida. Internet Solutions Corp. v. Marshall, 39 So. 3d 1201, 1214-15 (Fla. 2010) ("Internet Solutions II"). Here, the VAC does not specify where the allegedly defamatory statements were viewed. See DE 14-1 ¶ 14. However, in response to the instant motion, Bioheart has attached affidavits of two investors, Jeffrey Solomon and Jason Gruner, who claim to have read the postings while they were in Florida. See DE 18-2 ¶ 7; DE 18-3 ¶ 3. Thus, the Court will assume *arguendo* that Bioheart could establish personal jurisdiction under the long-arm statute over Peschong.

As to Smedeby and Thomsen, however, Bioheart only alleges that they "knew or should have known that Peschong was using the Message Boards to make the Statements about Plaintiff." DE 14-1 ¶ 46. Neither the VAC nor Bioheart's affidavits contain any other allegations pertaining to Smedeby or Thomsen, except that they are former or current board members of a company at which Peschong is a partner. See DE 18-1. As noted above, the terms of § 48.193(1)(b) must be strictly construed. Defendants' mere knowledge that a tort was being committed in Florida is not enough to sustain a finding that they 'committed a tortious act' in the state. Therefore, the Court

concludes that it lacks personal jurisdiction over Smedeby and Thomsen, and all claims against them will be dismissed. The Court will now proceed to the constitutional analysis with regard to its jurisdiction over Peschong.

## B. Minimum Contacts

For the Court to have personal jurisdiction over Peschong, it must be shown that he had sufficient minimum contacts with Florida, and that such contacts: (1) are related to Bioheart's cause of action or have given rise to it; (2) involve some purposeful availment of the privileges of conducting activities within the forum, thereby invoking the benefits and protections of its laws; and (3) are such that Peschong should reasonably anticipate being haled into court in Florida. Sculptchair, 94 F.3d at 631; Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC, 650 F. Supp. 2d 1213, 1225 (S.D. Fla. 2009). Moreover, "[t]he minimum contacts must be 'purposeful' contacts. " Goforit Entm't LLC v. Digimedia.com L.P., 513 F. Supp. 2d 1325, 1329 (M.D. Fla. 2007) (quoting Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed. Cir. 1994)). While this case involves only online communication, "[t]he Internet does not provide cause to abandon traditional principles guiding the personal jurisdiction analysis." Internet Solutions Corp. v. Marshall, No. 6:07-cv-01740-ACC-KRS, at *6 (M.D. Fla. Sept. 30, 2010) ("Internet Solutions III") (quoting Goforit, 513 F. Supp. 2d at 1329)).

In the instant motion, the moving Defendants assert that Peschong lacks minimum contacts with Florida for two reasons. First, they contend that Peschong did not use the website to interact with Florida. Second, they argue that Peschong's alleged tortious acts were not expressly aimed at Florida. The Court will address each

6

of these arguments in turn.

### 1. Active or Passive Website

Defendants contend that Peschong's alleged postings on Yahoo! Finance did not create minimum contacts with Florida because his only alleged use of the website was to post comments on a message board, and he did not receive any commercial benefit from the alleged activities. The Court agrees. In assessing the sufficiency of a nonresident's Internet communications as a basis for personal jurisdiction, courts may consider the level of interaction between the host and the user, and the commercial nature of the website. This District has adopted the sliding-scale test set forth in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), to analyze a party's web-based contacts as follows:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

Schuster v. Carnival Corp., No. 10-21879-CIV-ALTONAGA/BROWN, 2011 U.S. Dist. LEXIS 126455, at *24-25 (S.D. Fla. Feb. 3, 2011) (quoting Zippo, 952 F. Supp. at 1124). In the case at bar, the only alleged interaction between Yahoo! Finance and its users is the users' ability to post comments in a message board. While Bioheart does not describe the message board in detail, there is no evidence that it particularly

facilitated interactions with or otherwise targeted a Florida audience.  See Whitney Info. Network, Inc. v. Xcentric Ventures, LLC, 347 F. Supp. 2d 1242, 1246 (M.D. Fla. 2004) (finding jurisdiction when the defendants' website allowed users to tailor their search of the site by state).  Additionally, Bioheart has not alleged that Peschong used the site to engage in any commercial activity, and Peschong disclaims receiving compensation or income in connection with his activity on the site.  DE 13-1 ¶ 8; DE 13-2 ¶ 8; DE 13-3 ¶ 8.  Thus, the site could at most qualify as an interactive website in the middle of the Zippo spectrum.  See Internet Solutions III, at *7 (concluding that a website where users could only post and respond to comments could "be described as an interactive site in the middle of the spectrum.").  However, simply posting information about a company on a website that is visible throughout the world, and not directed at or used to contact a particular forum, does not create minimum contacts with a forum.  See Fraser v. Smith, 594 F.3d 842, 847 (11th Cir. 2010).  Peschong's non-commercial use of the website, in conjunction with his limited alleged interaction with the site and other users, makes the exercise of personal jurisdiction inappropriate in this case.  See id. at *8.

### 2. *Calder* Effects Test

Defendants also assert that the exercise of personal jurisdiction would be improper because Peschong did not purposefully direct his alleged tortious actions toward Florida.  In the context of an intentional tort, a court may have personal jurisdiction over a nonresident defendant if the tortious activity was "expressly aimed" at the forum state, and the effects or "brunt of the harm" are suffered there.  Full Sail, Inc. v. Spevack, No. 6:03-cv-887-Orl-31JGG, 2003 U.S. Dist. LEXIS 20631, at *19-21 (M.D. Fla. Oct. 21, 2003) (citing Calder v. Jones, 460 U.S. 783, 790 (1984)).  However, in

online defamation cases, "the plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under Calder." Internet Solutions III, at *10 (quoting Revell v. Lidov, 317 F.3d 467, 473 (5th Cir. 2002)).[2]  In Full Sail, the defendants operated websites on which they posted negative information about the plaintiff, and allowed other users to post comments.  2003 U.S. Dist. LEXIS 20631, at *2-3.  The defendants, one of whom was a former employee of the plaintiff, were aware that the plaintiff was located in Florida.  See id.  The court nonetheless held that it lacked personal jurisdiction over the defendants because the websites were directed to a national audience and did not specifically target Florida readers.  Id. at *21; cf. JB Oxford Holdings, Inc. v. Net Trade, Inc., 76 F. Supp. 2d 1363, 1367 (S.D. Fla. 1999) (finding that contacts that "link with equal strength the defendant to all states" are not enough to support personal jurisdiction).

Similarly, in the instant case, Bioheart provides no evidence that Yahoo! Finance generally, or Peschong's comments in particular, were purposefully directed at a Florida audience.  Even if the Court accepts that the comments were targeted at Bioheart's investors or potential investors, Bioheart is a publicly-traded company.  See DE 14-1 ¶ 9.  There was no reason for Peschong to have thought that Bioheart's investors would

---

[2] Bioheart cites to OSI Industries v. Carter, 834 So. 2d 362 (Fla. 5th DCA 2003), for the proposition that "minimum contacts [exist] where a defendant had knowledge that the impact of her action would be in Florida." DE 18 at 6.  This misstates the holding of OSI Industries.  In that case, the defendant was alleged to have called the plaintiff while the plaintiff was in Florida, and made misrepresentations to the plaintiff during those phone calls.  834 So. 2d at 364.  Thus, the court held that minimum contacts existed because the defendant expressly called Florida, and knew that the effects would be felt in Florida.  Id. at 368.  In contrast, in the present action, Bioheart makes no showing that Yahoo! Finance or Peschong's posts were aimed at a Florida audience.

be located in Florida, as opposed to any other state.  Peschong's knowledge that Bioheart is located in Florida is insufficient to establish that his posts were expressly aimed at the state.  See Internet Solutions III, at *8-11 (holding that negative Internet postings about a Florida company, including postings of its address, did not support personal jurisdiction when the site did not target a Florida audience).  Accordingly, the Court concludes that Peschong does not have minimum contacts with Florida to support the exercise of personal jurisdiction.

### C. Fair Play and Substantial Justice

Even if Bioheart established that Peschong had minimum contacts with Florida, the exercise of jurisdiction over him would not comport with traditional notions of fair play and substantial justice.  The Court looks to the following five factors in making this determination: "(1) 'the burden on the defendant;' (2) 'the forum State's interest in adjudicating the dispute;' (3) 'the plaintiff's interest in obtaining convenient and effective relief;' (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies;' and (5) any 'shared interest of the several States in furthering substantive social policies.'"  VAS Aero Servs., LLC v. Arroyo, 868 F. Supp. 2d 1374, 1380-81 (S.D. Fla. 2012) (quoting Burger King Corp. v. Rudzewicz, 461 U.S. 462, 477 (1985)).  In this case, Peschong resides in California and would bear a substantial burden in defending this action in Florida.  See Internet Solutions III, at *13 (finding that the defendant's residing in Washington weighed against exercising jurisdiction); see also Goforit, 513 F. Supp. 2d at 1333 (finding that the burden on Texas and Oklahoma defendants of defending an action in Florida would be substantial).  Moreover, although Bioheart maintains its principal place of business in

Florida, Bioheart has not set forth any other particular interest that Florida has in adjudicating this dispute.  See Internet Solutions III, at *13 (finding that the plaintiff's maintaining its place of business in Florida did not, by itself, establish a substantial interest for Florida in deciding the case).  Indeed, all of Peschong's alleged tortious actions took place while he was in California, and there is no showing that any of the evidence in this case would be located in Florida.  Thus, it is not clear that resolving this action in Florida would be more convenient or effective than doing so elsewhere, particularly in California.  Therefore, as the remaining factors do not weigh strongly in favor or against jurisdiction, the Court finds that litigating this case in Florida would violate traditional notions of fair play and substantial justice, and the exercise of personal jurisdiction would be improper.

## III. CONCLUSION

Accordingly, for the foregoing reasons it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  Defendants Andre Peschong, Urban Smedeby, and Jack Thomsen's Motion to Dismiss Complaint for Lack of Personal Jurisdiction and, in the Alternative, for Failure to State a Claim Upon Which Relief Can Be Granted [DE 13] is **GRANTED**.

2.  Defendants Andre Peschong, Urban Smedeby, and Jack Thomsen's Motion for Temporary Stay of Initial Disclosures and Non-Jurisdictional Discovery Pending Determination of Defendants' Motion to Dismiss [DE 15] is **DENIED as moot**.

3. All claims in the above-captioned dispute against Andre Peschong, Urban Smedeby, and Jack Thomsen are **DISMISSED**.

4. This case shall proceed against Defendants Stephen Kann and Hector Martinez Reding Cevallos only.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 22nd day of April, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.